## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ICON COLLECTIVE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 1:23-cv-3604 |
| ICON COLLECTIVE, INC. | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT

Plaintiff Icon Collective, LLC ("Plaintiff") alleges the following for its complaint against defendant Icon Collective, Inc. ("Defendant").

## NATURE OF THE ACTION

1. This is an action for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and common law, and state and common law unfair competition.

## THE PARTIES

2. Plaintiff Icon Collective, LLC is a California limited liability company with a principal place of business in Burbank, California.

3. On information and belief, defendant Icon Collective, Inc. is an Illinois not-for-profit corporation with an agent for service of process located at: 208 So. Lasalle Street, Suite 814, Chicago, IL 60604

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the trademark laws of the United States and pendant jurisdiction over any and all state causes of action under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over defendant because it resides in and has transacted business in the state of Illinois.

6. Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b) because, on information and belief, defendant resides in the District and a substantial part of the events or omissions giving rise to this claim for trademark infringement, false designation of origin and unfair competition occurred in this district and defendant has significant contacts with the district. Further, on information and belief, defendant's customers that purchase defendant's infringing goods and services are located within the Northern District of Illinois.

## FACTS
### Plaintiff's Business

7. Plaintiff is a school located in Burbank, California engaged in providing educational services for music and music production ("Plaintiff's Goods and Services").

8. Since at least at early as March 29, 2007, Plaintiff has used the trademark ICON COLLECTIVE in association with its educational services.

9. Plaintiff is the registrant of U.S. Trademark Reg. No. 6,461,571 for: "Class 041: Education services, namely, providing live and on-line classes,

training and instruction in the field of music; Educational services in the nature of music schools; Educational services in the nature of music production schools." A true and correct copy of plaintiff's registration is attached hereto as Exhibit A. The registration is incontestable pursuant to 15 U.S.C. §1065.

10. Plaintiff is also the registrant of U.S. Trademark Reg. No. 4,648,237 for: "Class 041: Educational services in the nature of music production schools." A true and correct copy of plaintiff's registration is attached hereto as Exhibit B. The registration is incontestable pursuant to 15 U.S.C. §1065.

11. Plaintiff has promoted and sold Plaintiff's Goods and Services with the trademark, trade name and designation ICON COLLECTIVE. Plaintiff first used its ICON COLLECTIVE trademark in interstate commerce on and in connection with Plaintiff's Goods and Services at least as early as March 29, 2007 and has used plaintiff's ICON COLLECTIVE trademark on and in connection with Plaintiff's Goods and Services continuously since its first use.

12. Plaintiff's ICON COLLECTIVE trademark is an arbitrary mark and inherently distinctive and, as such, designates a single source of origin. As a result of Plaintiff's continuous use of its ICON COLLECTIVE mark, Plaintiff has acquired substantial goodwill in and to its ICON COLLECTIVE trademark.

13. Plaintiff has invested significantly to extensively advertise and promote Plaintiff's Goods and Services featuring plaintiff's ICON COLLECTIVE trademark throughout the United States. As a result of plaintiff's extensive and exclusive use, plaintiff's ICON COLLECTIVE trademark has developed significant goodwill in the market and represents a valuable asset of plaintiff. An example of Plaintiff's use of its ICON COLLECTIVE trademark is attached hereto as Exhibit C.

**Defendant's Wrongful Conduct**

14. Defendant Icon Collective, Inc. is an Illinois corporation engaged in the business of educating students on name, image and likeness opportunities.

15. Both Defendant's customers and Plaintiff's customers are students.

16. Defendant's goods and services, are similar, related and within the natural zone of expansion of Plaintiff's goods and services.

17. Defendant's use of the Infringing ICON COLLECTIVE mark is likely to cause confusion among consumers who expect to conduct business with plaintiff and instead reach defendant. An example of Defendant's infringing use is attached hereto as Exhibit D.

18. Plaintiff has been irreparably harmed and has suffered economic loss, as well as the loss of good will, from defendant Icon Collective, Inc.'s unlawful and willful acts. Because damages will constitute an insufficient remedy, plaintiff requires equitable relief in the form of a permanent injunction restraining defendant's continued infringement of plaintiff's ICON COLLECTIVE trademark and source designation.

**CLAIMS OF RELIEF**
**FIRST CLAIM OF RELIEF**
**(Trademark Infringement – 15 U.S.C. § 1114)**

19. Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 18 of the complaint as though fully set forth herein.

20. Defendant's use of the Infringing ICON COLLECTIVE mark has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and/or source of Plaintiff's Goods and Services.

21. By reason of the foregoing and upon information and belief, defendant Icon Collective, Inc. has violated the Lanham Act (15 U.S.C. § 1114) by using, in connection with its advertisements, goods and services, trademarks

which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's goods, services and/or advertisements.

22. By reason of the foregoing and upon information and belief, defendant's acts constitute direct, indirect, contributory, and vicarious trademark infringement.

23. By reason of the foregoing unlawful acts recited in the paragraphs above, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against defendant.

24. On information and belief, Defendant Icon Collective, Inc. willfully and intentionally adopted and used marks confusingly similar to Plaintiff's trademark to steal plaintiff's goodwill.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin – 15 U.S.C. § 1125(a))

25. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 24 of the complaint as though fully set forth herein.

26. On information and belief, defendant willfully and intentionally adopted and used mark(s) confusingly similar to plaintiff's ICON COLLECTIVE trademark and designation to steal plaintiff's goodwill.

27. Additionally, defendant has caused or is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's products.

28. By reason of the foregoing and upon information and belief, defendant Icon Collective, Inc. has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by using, in connection with its goods and advertisements, false

designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's goods, services and commercial activities.

29. By reason of the foregoing unlawful acts recited in the above paragraphs, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against defendant.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition – 15 U.S.C. § 1125(a))

30. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 29 of the complaint as though fully set forth herein.

31. On information and belief, defendant willfully and intentionally adopted and used marks confusingly similar to plaintiff's ICON COLLECTIVE trademark and designation to steal plaintiff's goodwill.

32. Additionally, defendant has caused or is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's products.

33. By reason of the foregoing and upon information and belief, defendant has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by unfairly competing with plaintiff by using in connection with its goods and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of Plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's goods and commercial activities.

34. By reason of the foregoing unlawful acts recited in the above paragraphs, plaintiff has been irreparably harmed and will continue to suffer

damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against defendant.

## FOURTH CLAIM FOR RELIEF
### (State Deceptive Trade Practices)

35. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 34 of the complaint as though fully set forth herein.

36. Defendant has engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* by causing a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective services; causing a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendant or its services with Plaintiff and its goods and services; and using deceptive representations or designations of origin in connection with Defendant's services.

37. The unauthorized use by Defendant of the ICON COLLECTIVE mark is causing and is likely to cause substantial injury to the public and to Plaintiff.

38. Plaintiff has no adequate remedy at law for this injury. Plaintiff is entitled to injunctive relief and to an award of its attorneys' fees under 815 ILCS (1992) 513.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

39. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 38 the complaint as though fully set forth herein.

40. Defendant's acts, as set forth above, constitute trademark infringement as defined under Illinois common law, all to the damage of plaintiff as previously alleged.

## SIXTH CLAIM FOR RELIEF

**(Common Law Unfair Competition)**

41. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 40 the complaint as though fully set forth herein.

42. Defendant's acts, as set forth above, constitute unfair competition as defined under Illinois common law, all to the damage of plaintiff as previously alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant judgment against defendant for the following:

A. Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be enjoined from:

    i. infringing Plaintiff's ICON COLLECTIVE trademark;

    ii. using, advertising, marketing, selling or offering to sell goods and/or services marked with the Infringing ICON COLLECTIVE mark;

    iii. competing unfairly with plaintiff in any manner, including infringing any of plaintiff's trademark rights; and,

    iv. conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (iii) above.

B. Defendant shall file with the Court and serve on plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant have complied with the provisions of subparagraph (A) above.

C. Plaintiff recovers all damages it has sustained as a result of defendant's trademark infringement, false designation of origin and unfair competition.

D. Plaintiff be awarded defendant's profits, corrective advertising damages and enhanced damages.

E. An accounting be directed to determine defendant's profits resulting from their infringement, false designation of origin and unfair competition and that the profits be paid over to plaintiff, increased as the Court determines is appropriate to the circumstances of this case.

F. Plaintiff be awarded its reasonable attorneys' fees for prosecuting this action.

G. Plaintiffs recover its costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.

H. Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117 or any other relevant statute.

I. Plaintiff be awarded enhanced damages pursuant to any relevant statute.

J. Plaintiff receives all other relief the Court deems appropriate.

Respectfully submitted,
MANDOUR & ASSOCIATES, APC

Dated: June 7, 2023

        /s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiff,
Icon Collective, LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

**Mandour & Associates, APC**

Dated: June 7, 2023

/s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiff,
Icon Collective, LLC

**EXHIBIT A**

EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# ICON COLLECTIVE

**Reg. No. 6,461,571**  
**Registered Aug. 24, 2021**  
**Int. Cl.: 41**  
**Service Mark**  
**Principal Register**

Icon Collective, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)  
100 E. Tujunga Ave. #100  
Burbank, CALIFORNIA 91502

CLASS 41: Education services, namely, providing live and on-line classes, training and instruction in the field of music; Educational services in the nature of music schools; Educational services in the nature of music production schools

FIRST USE 10-2-2005; IN COMMERCE 3-29-2007

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 4648237

No claim is made to the exclusive right to use the following apart from the mark as shown: "COLLECTIVE"

SER. NO. 90-327,246, FILED 11-18-2020



Performing the Functions and Duties of the  
Under Secretary of Commerce for Intellectual Property and  
Director of the United States Patent and Trademark Office



EXHIBIT A

**EXHIBIT B**

EXHIBIT B



# ICON COLLECTIVE

**Reg. No. 4,648,237**  ICON COLLECTIVE, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
4620 MAGNOLIA BLVD.
**Registered Dec. 2, 2014**  BURBANK, CA 91505

**Int. Cl.: 41**  FOR: EDUCATIONAL SERVICES IN THE NATURE OF MUSIC PRODUCTION SCHOOLS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

**SERVICE MARK**  FIRST USE 10-2-2005; IN COMMERCE 3-29-2007.

**PRINCIPAL REGISTER**  THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COLLECTIVE", APART FROM THE MARK AS SHOWN.

SER. NO. 86-207,406, FILED 2-28-2014.

MORGAN WYNNE, EXAMINING ATTORNEY



*Michelle K. Lee*
**Deputy Director of the United States
Patent and Trademark Office**

EXHIBIT B

**EXHIBIT C**

EXHIBIT D




**EXHIBIT D**

EXHIBIT D



EXHIBIT D